UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SHEILA L.S.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:25-cv-00274-DKG

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability insurance benefits. (Dkt. 1). Having carefully reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will affirm the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On November 9, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 15, 2021. (AR 15). Plaintiff's application was denied initially and on reconsideration. A hearing was conducted on January 30, 2024, before an Administrative Law Judge (ALJ). (AR 15).

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on April 5, 2024, finding Plaintiff was not disabled prior to April 2, 2024, but became disabled on that date due to the change in her age category. (AR 16, 28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision finding her not disabled for the time period between her alleged disability onset date, December 15, 2021, and April 2, 2024, the date at which Plaintiff became disabled. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was fifty-two years of age on the alleged disability onset date and categorized as an individual closely approaching advanced age during the time period relevant to judicial review. (AR 37). Plaintiff has at least a high school education with past relevant work experience as a retail sales clerk, cashier II, pharmacy tech, and inventory control specialist. (AR 26-27). Plaintiff claims disability due to physical impairments, including mixed connective tissue disease and osteoarthritis. (AR 192).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 15, 2021, the alleged onset date. (AR 18). At step two, the ALJ determined Plaintiff suffers from the following severe medically determinable impairments: Raynaud's phenomenon; mixed connective tissue disease; carpal tunnel syndrome of the left upper extremity; degenerative joint disease of the bilateral hands; degenerative joint disease of the left carpometacarpal joint; and degenerative disc disease and disc protrusion of the thoracic spine. (AR 18).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20). The ALJ next found that, for the time period under judicial review, Plaintiff retained the Residual Functional Capacity (RFC) to perform a reduced range of light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [The plaintiff] can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. She can stand and/or walk 6 hours and sit 6 hours of an 8 hour workday. [The plaintiff] can never climb ladders, ropes, or scaffolds, and she can occasionally stoop, kneel, crouch, crawl, or climb ramps and stairs. She can occasionally handle, finger, and feel with the bilateral upper extremities. She can tolerate frequent exposure to temperature extremes and vibration, but she can have no exposure to hazards, including unprotected heights.

(AR 21).

At step four, the ALJ found Plaintiff unable to perform any past relevant work. (AR 26). At step five, the ALJ relied upon testimony from the Vocational Expert (VE) to conclude that jobs exist in significant numbers in the national economy that Plaintiff could perform given her age, education, work experience, and RFC. (AR 27-28, 59-67). The ALJ therefore found Plaintiff not disabled from the alleged onset date until April 2, 2024.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-1226 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's findings even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

The sole issue on review is Plaintiff's challenge to the ALJ's step five findings. (Dkt. 12). Plaintiff argues that the ALJ improperly rejected the vocational evidence she submitted after the hearing to rebut the VE's testimony and, therefore, the ALJ's step five determination that relied on the VE's testimony was not supported by substantial evidence. (Dkt. 12). Defendant argues the ALJ reasonably rejected Plaintiff's vocational evidence and instead reasonably relied on the evidence provided by the VE. (Dkt. 13). The Court finds as follows.

### 1. Legal Standard

At step five, the burden shifts to the Commissioner to prove that a person with the claimant's limitations, age, education, and experience can perform occupations that exist in significant numbers in the national economy. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1191 (9th Cir. 2022); 20 C.F.R. §§ 404.1512(b)(3), 404.1560(c)(1). In making this determination, the ALJ relies on the Dictionary of Occupational Titles (DOT) and may also rely on the testimony of a VE. *Zavalin v. Colvin*, 778 F.3d 842, 845-846 (9th Cir. 2015).

The Social Security Administration (SSA) recognizes qualified VEs as "reliable sources of occupational information in the evaluation of disability claims." *Kilpatrick*, 35 F.4th at 1192 (quoting SSR 00-4p, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000)). Indeed, a VE's testimony as to the number of jobs existing in the national economy that a claimant can perform is "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) (citing *Tackett*, 180 F.3d at 1100); *see also*

*Kilpatrick*, 35 F.4th at 1192-1193 (stating a VE's testimony may count as substantial evidence even when unaccompanied by supporting data).

However, before relying on the VE's testimony, the ALJ has a duty to investigate and resolve inconsistencies in the evidence, including apparent conflicts between the VE's testimony and the DOT. *Shaibi v. Berryhill,* 883 F.3d 1102, 1109 (9th Cir. 2018); *Zavalin*, 778 F.3d at 846; 20 C.F.R. § 404.1520b; SSR 00-4p (stating that the ALJ has an affirmative duty to inquire into the existence of potential conflicts between the VE's testimony and the DOT, and to obtain an explanation from the VE regarding any conflicts that do exist).[2] Further, the ALJ has a duty to address and resolve discrepancies between the VE's testimony and a claimant's counter evidence, where the claimant's evidence is both "significant and probative," as opposed to "meritless or immaterial." *Powley v. Bisignano*, 169 F.4th 1158, 1161, 1165-70 (9th Cir. 2026) (discussing *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023); *Buck v. Berryhill*, 869 F.3d 1040, 1051-52 (9th Cir. 2017); *Kilpatrick*, 35 F.4th at 1193–1194; and *White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022)). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999)).

[2] SSR 00-4p was rescinded and replaced by SSR 24-3p, effective January 6, 2025. But because the ALJ's decision was issued before SSR 24-3p became effective, SSR 00-3p applies here. *Woods v. Bisignano*, 2025 WL 1420340 at *1 n. 1 (9th Cir. May 16, 2025).

**2. The ALJ's Step Five Findings**

Here, the ALJ relied on the VE's hearing testimony when concluding at step five that there were unskilled jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (AR 27-28). The representative occupations identified by the VE were: children's attendant (30,000 jobs in the national economy), usher (25,000 jobs in the national economy), and school bus monitor (20,000 jobs in the national economy). (AR 27-28, 61-62). Each of the representative occupations identified by the VE are categorized in the DOT as SVP 2, unskilled work. (AR 28).[3] The VE further testified that the representative occupations identified were all full-time jobs. (AR 66). The ALJ found the jobs identified by the VE to exist in substantial numbers in the national economy. *Gutierrez v. Comm'r Soc. Sec.,* 740 F.3d 519, 529 (9th Cir. 2014) (finding 25,000 jobs in the national economy was close, but sufficient, to represent a significant number of jobs in the national economy).

After the hearing, but before the ALJ issued his decision, Plaintiff submitted rebuttal evidence challenging the VE's testimony as prepared by a third-party vocational consultant, Karen Starr, dated February 5, 2024. (AR 275). In developing her report, Starr relied on her experience and several data sources, including the Occupational Requirements Survey (ORS) and the O*NET. (AR 275). Starr specified that she used these sources because "Social Security is currently using the ORS and O*NET to update its 'vocational library'

[3] Unskilled work is defined as, "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," and correlates to SVP of 1 or 2 in the DOT. 20 C.F.R. § 404.1568(a); SSR 00-4p.

given that the DOT has not been updated in years, because it is an up-to-date source that I have also come to rely upon in providing vocational testimony and analysis." (AR 275). In her report, Starr stated that all three jobs identified by the VE should instead be classified as skilled jobs, and that two of them, usher and school bus monitor, were not full-time jobs as required by the step five analysis. (AR 276). Starr further stated that the third job, children's attendant, required more handling than the "occasional handling" limitation required by Plaintiff's RFC. (AR 276). The ALJ considered Plaintiff's rebuttal evidence but rejected Starr's assertions made within the report for a number of reasons and, instead, accepted the VE testimony as better supported. (AR 15-16).

**3. Analysis**

**A. The ALJ Properly Relied on the VE's Testimony at Step Five**

The Court finds the ALJ properly relied on the VE at step five. (AR 27-28, 63-64). The VE was qualified to testify. (AR 60). During the hearing, the VE identified three representative occupations categorized as light, with SVP 2, that she opined a person with Plaintiff's age, education, work experience, and RFC could perform – children's attendant, usher, and school bus monitor. (AR 61). The VE went on to explain how school bus monitors and children's attendants exclude security guard duties; how a children's attendant job is performed differently than the DOT describes; how a school bus monitor performs her work and why the job fell within the light exertion category of standing and walking versus lifting, and how shifts were split between four hours in the morning and four hours in the evening to make a full time job. (AR 64-68). The VE discussed factors not specifically addressed by the DOT but present in the Plaintiff's limitations, including reduced standing

and walking at the light level, reduction in the left versus right hand manipulation, absenteeism, off-task behavior, and frequent breaks, among other items. (AR 62-64). When asked by the ALJ, the VE stated that her testimony was consistent with the DOT with the exception of certain areas which were based on her 25 years of knowledge, training, and experience as a vocational rehabilitation counselor. (AR 64-67).

The ALJ found the VE's testimony was not inconsistent with the information contained in the DOT. (AR 28). As to the areas of the hypothetical not addressed in the DOT, the ALJ accepted the VE's explanation and testimony, as it was based on her experience with the specific limitations presented in the hypotheticals and with the representative occupations. (AR 15-16, 27-28, 63-64).

Based on the foregoing and the entire record, the Court finds that the ALJ properly inquired into, addressed, and resolved any conflict between the VE's testimony and the DOT, as well as the areas of the VE's testimony not covered by the DOT. (AR 15-16, 27-28, 61-67). Moreover, the ALJ explained the reasons for relying on the VE's testimony, as it was based on the DOT and the VE's experience with the specific limitations and occupations. (AR 15-16, 27-28). The Court finds the ALJ's explanation and rationale for accepting the VE's testimony was well-reasoned and supported by the record, particularly given the detailed testimony of the VE concerning the particular limitations and occupations relevant here. The ALJ therefore did not err in relying on the VE's testimony in making the step five determination, which is supported by substantial evidence. *Ford*, 950 F.3d at 1159; *Gutierrez*, 740 F.3d at 529.

**B. The ALJ Properly Rejected Plaintiff's Rebuttal Evidence**

The Court further finds that the ALJ properly addressed and rejected Plaintiff's rebuttal evidence. (AR 15-16). The ALJ rejected Starr's assertions on credibility and relevancy grounds. First, as to the credibility of Starr's report, the ALJ found that Starr used unapproved sources such as O*Net to create inconsistency with the DOT, despite admitting that the hypothetical limitations do not actually conflict with the information found in the DOT. (AR 15, 275). The ALJ also found that the testimony of the VE was better supported than the opinion of Starr, who had not been an approved consultant for 17 years and who used unapproved sources to support her assertions. (AR 16). Second, as to the relevancy of Starr's report, the ALJ found that portions were unrelated to the Plaintiff's case, including Starr's inclusion of a "one-armed worker" unable to perform various tasks of the occupation or the assertion that splitting a job's shift, as in the case of a morning and afternoon shift for a school bus monitor, made it a part-time job. (AR 16).

Having carefully reviewed the decision, Plaintiff's submissions, and the entire record, the Court finds the ALJ appropriately addressed Plaintiff's counter evidence and resolved the alleged inconsistencies between the job number estimates provided by the VE and by the Plaintiff. *Powley*, 169 F.4th at 1169-70 (ALJ must address the counter evidence and resolve any conflicts); *White*, 44 F.4th at 837. The ALJ explained the reasons for rejecting Starr's report, which the Court finds are supported by substantial evidence. (AR 15-16). The ALJ found the sources Starr relied on in the report did not create a conflict, as Starr "fully acknowledges that the hypothetical limitations do not actually conflict with the information found within the DOT" consistent with the VE's testimony. (AR 15-16).

Further, the ALJ pointed out portions of Starr's report that were unrelated to this case and, therefore, did not establish any actual conflict or inconsistency with the VE's testimony. (AR 16). Finally, the ALJ explained the bases and reasons for concluding that the representative occupations were full-time positions. (AR 16, 27-28, 66-67).

The ALJ's discussion of Starr's report and the VE's testimony, and the ALJ's explanation of his reasoning concerning the alleged conflicting evidence, makes this case distinct from *Powley*, where the Ninth Circuit concluded that the ALJ's single conclusory statement finding the VE's testimony more persuasive was insufficient to address the conflicting evidence. 169 F.4th at 1169. Here, the ALJ directly addressed the alleged conflicts raised in Plaintiff's counter evidence, and resolved the same by articulating the reasons and bases for rejecting Starr's assertions and adopting the VE's testimony. For these reasons, the Court finds the ALJ properly considered and rejected Plaintiff's counter evidence. Plaintiff's alternate interpretation of the record is not a basis for remand. *Thomas*, 278 F.2d at 954.

**ORDER**

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: September 30, 2026

Honorable Debora K. Grasham
United States Magistrate Judge